# SUPREME COURT—APRIL TERM—1857.

## E. R. COFFIN *vs.* THOMAS SPENCER.

The rule, in assessing damages for assault and battery, was stated by the Court to the jury in the charge, to be a just compensation, based upon the degree of bodily injury or suffering endured by the plaintiff, amount of physician's bill, loss of time and mental suffering, if any; and if it appeared that the defendant had been actuated by malice, or committed the assault without provocation, then exemplary or punitive damages might also be awarded.

The pecuniary ability of the defendant furnished no criterion by which to assess damages, where no appreciable injury had been shown, still the law would imply some injury and give a right to recover nominal damages.

Associate Justices ROBERTSON and II on the Bench.

This was an action brought to recover damages, laid at $4,000, for an assault and battery committed upon the plaintiff by the defendent, at the Merchants' Exchange, in February last.

It appeared in evidence, in substance, that the defendant and another person were playing billiards at the Merchants' Exchange, when the plaintiff entered and made use of some rude and offensive language, directed particularly at the defendant, who dropped his cue and walked up to the plaintiff in a somewhat menacing manner, putting his hands on each side of the plaintiff's neck, seizing him by the collar and saying the plaintiff had previously applied offensive language to him, and had not some ladies been present he would have flogged him for it, and that plaintiff must cease using offensive

language to him, as he would not put up with it. At that moment plaintiff dropped on the floor, injuring one of his knees severely. Defendant and another person raised him up and placed him on a seat, and, as he appeared faint and suffering from fright, they gave him some brandy which revived him, when he said he was sorry if any language he had used to the defendant, at any time, had offended him, as he meant no insult to the defendant. In a quarter of an hour afterwards the plaintiff walked to the street and was assisted into his wagon, and his native boy drove him home. He took to his bed, and sent for a physician, who testified that he found him in a dangerous state, incoherent in his speech, and his pulse very low, as if he had recently received a severe shock. He also suffered much pain in his knee, and was unable to attend to his business for a fortnight, during the first half of which he was confined to his house. The physician testified also that the plaintiff is a man of rather feeble constitution, and whose nervous system was more easily shocked than that of a robust person. It also appeared that plaintiff had spent the two preceding evenings at Booth's Dancing Saloon, where he had drank to excess, from which the counsel for the defense argued that, at the time the defendant laid hold of him, he fell on the floor, not from any violence used by the defendant, but from the weak state of his nervous system, produced by previous dissipation, which rendered him incapable of sustaining any sudden shock.

Counsel having summed up on both sides, Judge ROBERTSON charged the jury in substance as follows :

GENTLEMEN OF THE JURY : This is an action brought to recover civil damages from the defendant, for an assault and battery, alleged to have been committed by him upon the plaintiff. This is a suit of a nature which is, happily, of rare occurrence in our peaceable community. It is a suit of that description which, when reached upon the calendar, it is gratifying, both to the Court and to the jury, to hear has been settled out of Court, so far as the civil damages are concerned, through the intervention of the mutual friends of the parties. But when the party complainant prefers to that mode of settlement an appeal to the Court and a jury of the country for

E. R. Coffin *v.* Thos. Spencer.

redress, it then becomes the duty of the jury to adjudicate upon his claim, taking care that while they afford an injured party a fair amount of reparation, they afford no encouragement for the institution of such suits, as money-making speculations. The occurrence which has given rise to the present action, occupied so brief a space of time, was so simple in its nature, and the testimony of the several witnesses who saw it so clear, that I deem it unnecessary to recapitulate their testimony in your hearing. As honest witnesses generally do, in relating the same occurrence, they differ slightly as to minute details, for every man sees with his own eyes, and relates what he has seen in his own way ; but beyond any discrepancy which might fairly arise from these causes, the witnesses on both sides show an unusual degree of accordance in their statements. I shall, therefore, confine myself to the statement of what I conceive to be the rule by which you ought to be guided in measuring the pecuniary redress to which you may think the plaintiff entitled. There has been a diversity among the English and American authorities upon this subject, and between the rule as laid down by different Courts, for the guidance of juries. But the rule as almost universally adopted in our days, may, I think, be stated thus : In ordinary cases, where it does not appear that the defendant was actuated by malicious motives, or by a willful intent to do a severe bodily injury to the plaintiff, the jury is to be guided by the rule of giving to the plaintiff a just compensation for the injury he has sustained. In aggravated cases, when it appears that the defendant was actuated by malicious motives, as, for instance, when a violent assault and battery has been committed without any apparent provocation, or upon slight and inadequate provocation ; when the defendant has used dangerous weapons ; or when he has accompanied the act with such expressions as displayed a malicious purpose, and not merely a temporary excitement or irritation of passion from provocation, in such cases juries go beyond the rule of a just compensation for the injury sustained by the plaintiff, and very justly too, in my opinion, award against the defendant what are called vindictive damages, punitive damages, or, as we say, smart money. In such cases they give these extra damages, as a punishment to.

the plaintiff, and, for the sake of example, to deter others from committing the like offense.

In the present case, it is clearly proven, and admitted by the defense, that an assault was committed, and even if the plaintiff had failed to prove that he had suffered any appreciable injury, still the law would imply some injury and give him a right to recover nominal damages. The question with you, therefore, is not so much whether the plaintiff is entitled to *any* damages, as it is how much damages is he fairly entitled to receive? In ascertaining this, unless you are satisfied that the defendant was actuated by malicious motives,—by a willful intent to do a serious bodily injury to the plaintiff, you ought to be guided by the rule of affording to the plaintiff a just compensation for the injury he sustained. In measuring the injury done to the plaintiff, the first thing to be considered is the bodily suffering he may have endured, but this is not all, for there is his physician's bill of between $40 and $50, and the loss of his time during the two weeks he was incapacitated for business, and his mental suffering, if any. All these ought to be considered so far as they are fairly attributable to the assault. But, while you measure the plaintiff's injuries in this way, you ought, on the other hand, to consider the provocation which, it is said, he offered to the defendant, if you believe that such provocation was the immediate cause of the assault. Such provocation, while it affords no justification for the assault and battery, should be fairly weighed by you in mitigation of the damages, which you might otherwise think the defendant ought to pay, because, if the plaintiff rashly provoked the defendant, and caused the assault, the plaintiff himself is in part to blame for the consequences which followed, and the whole blame does not rest on the defendant. It may scarcely be necessary for me to advert to a point suggested by the counsel for the defense, that you are not to be guided in the least, in assessing damages against the defendant, by his ability to pay. This is obvious. It is of no consequence in this case whether the defendant be a wealthy man, or a poor man. You cannot measure the extent of the complainant's injuries by the depth of the defendant's pocket. Such a mode of proceeding would be absurd. With these remarks, gentlemen, I

leave the case in your hands, confident that you will deal justly. and impartially with these parties, and award the plaintiff such an amount of damages, and no more, as you may think, under all the circumstances of the case, he is fairly entitled to receive, as between man and man.

The jury, after a brief absence, returned a verdict of $54 20, damages, in favor of the plaintiff.

J. Montgomery, Esq., for plaintiff.

J. W. Marsh and P. C. Ducorron, Esqs., for defendant.